UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:07-CV-262-F

| | | |
|---|---|---|
| KIDDCO, INC., | ) | |
|     Appellant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH N. CALLAWAY, | ) | |
| Chapter 7 Bankruptcy Trustee for Jacobsen | ) | |
| Construction, Inc., | ) | |
|     Appellee. | ) | |

This matter is before the court on the Appellant's Notice of Appeal from Bankruptcy Court [DE-1] filed July 7, 2007, pursuant to 28 United States Code, Section 158(a). Each party has submitted its brief to this court and this matter is now ripe for disposition.

## I. STATEMENT OF THE CASE

On February 23, 2006, Appellee Joseph N. Callaway, Chapter 7 Bankruptcy Trustee for Jacobsen Construction, Inc., ("Appellee" or "Trustee"), commenced an adversarial proceeding versus Kiddco, Inc., ("Appellant" or "Kiddco") to avoid and recover allegedly preferential transfers totaling $111,270.34 pursuant to Title 11 United States Code, Section 547 and, alternatively, as fraudulent transfers pursuant to Title 11 United States Code, Section 548. On March 23, 2006, Appellant filed an answer asserting various statutory defenses. On December 15, 2006, the Appellee moved for partial summary judgment and avoidance of one transfer totaling $55,625.27, as a preference pursuant to Title 11 United States Code, Section 547. Appellant filed an objection to the motion on January 8, 2007. The parties filed memorandums of law and supporting materials, and on January 30, 2007, Bankruptcy Court Judge A. Thomas Small heard oral arguments on the matter.

1

The Bankruptcy Court found and held that the $55,625.27 transfer at issue in the motion for partial summary judgment constituted a preference under Title 11 United States Code, Section 547 and, therefore, that the Appellee was entitled to avoid and recover that amount from the Appellant as a matter of law. A final judgment was entered on this determination, and the remaining claims pending in the suit were dismissed on motion of the Appellee on May 31, 2007.

On June 8, 2007, Appellant filed a notice of appeal pursuant to Title 11 United States Code, Section 158 and a supporting brief on August 9, 2007, alleging that the Bankruptcy Court's determination was made in error. Appellee subsequently submitted its brief to this court on September 26, 2007.

## II. STATEMENT OF THE FACTS

On April 7, 2004, Kiddco entered into a contract to perform subcontract work for Jacobsen Constructon, Inc., ("Jacobsen"), the general contractor for a construction project with Wake Technical Community College ("Wake Tech"). Kiddco was to perform both grading, and grading related construction services in connection with a contract between Jacobsen and Wake Tech, initially executed on January 27, 2004. Jacobsen procured a bond from Developers Surety and Indemnity Company ("the surety") to assure performance and the payment of the subcontractors.

Pursuant to the subcontract requirements, Kiddco performed grading work at the site and submitted an invoice to Jacobsen in the amount of $90,625.27 on May 7, 2004. On June 2, 2004, Kiddco submitted a second invoice to Jacobsen, for $102,366.70. Jacobsen subsequently made a partial payment of $35,000.00 on or before June 10, 2004, leaving an unpaid balance of $157,991.97. Kiddco then informed Jacobsen that, due to the unpaid balance, Kiddco would stop work on the project and make a bond claim with the surety to secure payment. Thereafter, on June 29, 2004,

Jacobsen paid Kiddco $55,625.27 of the unpaid balance and Kiddco agreed to remain on the job.

On August 5, 2004, Jacobsen defaulted on its contract and left the project unfinished. On October 7, 2004, Kiddco and the surety executed a ratification agreement wherein in exchange for the partial payment recited, Kiddco released any claims it had against Jacobsen and the surety, including any claim against the surety for work performed prior to the date of the ratification agreement.

Jacobsen filed a voluntary bankruptcy petition on September 24, 2004 under Chapter 7 of the United States Bankruptcy Code ("the Code"). On February 23, 2006, the Trustee instituted an action seeking, *inter alia*, to avoid and recover the June 29, 2004 payment of $55,625.27 ("the transfer") to Kiddco as a preferential payment pursuant to 11 U.S.C. § 547(b).[1] *See* Compl. [DE-1.4]. On March 23, 2006, Kiddco filed its answer denying that the transfer was avoidable and asserting several affirmative defenses.[2] The bankruptcy court found that the transfer constituted a preference

---

[1] Pursuant to the complaint, the Trustee sought to avoid and recover payments totaling $111,270.34. However, on December 15, 2006, the Trustee moved for partial summary judgment, seeking only the avoidance and recovery of the June 29, 2004 payment of $55,625.27. On May 7, 2007, the Trustee moved for dismissal of the remaining claims and on May 31, 2007, the Bankruptcy Court entered a final judgment, consistent with the March 26, 2007 order, against Kiddco as to the June 29, 2004 payment in the amount of $55,625.27. [DE-1.15]; [DE-1.16].

[2] In its answer, Kiddco asserted defenses pursuant to 11 U.S.C. § 547 (c)(2), (4) and "other defenses . . . available to [Kiddco] pursuant to 11 U.S.C. § 547 *et seq.*" *See* Answer ¶ 9 [DE-1.6 at 2]. In its objection to the Trustee's motion for partial summary judgment, Kiddco asserted defenses under 11 U.S.C. § 547(c)(1), (2) only. *See* Objection to Mot. for Partial Summ. J. ("Objection") [DE-1.11 at 1]. However, Kiddco did not pursue its defense under sections 547(c)(2) or (4) in its brief or oral presentation to the Bankruptcy Court. *See* Bankr. Order at 8 [DE-1.14]; Mem. of Law in Supp. of Objection [DE-1.11 at 5-8]. Moreover, Kiddco has not raised these affirmative defenses its brief before this court. Accordingly, this court does not address those issues. *See Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 36 (1st Cir. 1994) ("[I]ssues averted (sic) to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived for purposes of appeal.")

3

under 11 U.S.C. § 547 and found further that Kiddco failed to establish any affirmative defenses under section 547(c). Accordingly, the bankruptcy court held that the Trustee was entitled to avoid and recover the same from Kiddco. It is the bankruptcy court's order allowing the Appellee's partial motion for summary judgment as to the transfer amount, issued March 26, 2007, from which Kiddco files the instant appeal.

### III. STANDARD OF REVIEW

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1). A district court applies two different standards of review when considering an appeal from a bankruptcy court. Findings of fact are set aside only when there is clear error and conclusions of law are reviewed de novo. *In re Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007); *see also* FED. R. BANKR. P. 8013. Mixed questions of law and fact are also reviewed *de novo*. *See In re Jones*, 492 F.3d at 249.

Here, the court reviews the bankruptcy court's grant of partial summary judgment in favor of Kiddco. Summary judgment is appropriate in those cases in which there is no genuine dispute as to a material fact, and in which it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Summary judgment should be granted in those cases "in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." *Haavistola v. Community Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 214 (4th Cir. 1993). In making this determination, the court draws all permissible inferences from the underlying facts in the light most favorable to the party opposing the motion. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

## IV.   APPLICABLE LAW

Under section 547(b) of the Code, the trustee may avoid and recover a pre-bankruptcy transfer of a debtor's property upon a showing that the transfer was (1) to the creditor, (2) in payment of a previous debt, (3) made while the debtor was insolvent, (4) made on or within 90 days prior to the debtor's bankruptcy filing and (5) enables such creditor to receive more than the pro rata share it would have received in a Chapter 7 liquidation.  11 U.S.C. § 547(b).  Such a transfer is referred to as an "avoidable preference" or a "preferential transfer."  The underlying purpose of preference law is to discourage creditors from "racing to the courthouse to dismember the debtor during his slide into bankruptcy" and to protect "equality of distribution among creditors of the debtor." *United Rentals, Inc. v. Angell*, 592 F.3d 525, 528 (4th Cir. 2010) (citing *Harman v. First Am. Bank of Md. (In re Jeffrey Bigelow Design Group, Inc.)*, 956 F.2d 479, 487 (4th Cir. 1992)).  The trustee bears the burden of proving that the pre-petition transfer is avoidable because it constitutes a preferential transfer.  *See* 11 U.S.C. § 547(g).

However, certain transfers that would otherwise qualify as preferential transfers are often made for purposes that do not frustrate § 547(b)'s goals, and the Code exempts these transfers from the trustee's avoidance power.  *See* § 547(c)(1)-(5).  The creditor, however, bears the burden of establishing any of the affirmative defenses under § 547(c).  *See* 11 U.S.C. § 547(g); *Precision Walls v. Crampton*, 196 B.R. 299, 302 (E.D.N.C. 1996) ("transferee bears the burden of proving the nonavoidability of a transfer under the affirmative defenses contained in [section § 547(c)]").

Appellant does not contest that the first four elements of a preferential transfer are met.  Thus, the issues before the court are: (1) whether the transfer enabled Appellant to receive more that it would have in a hypothetical Chapter 7 liquidation pursuant to section 547(b)(5); and (2) whether

Appellant gave new value to the debtor pursuant to 547(c)(1).[3]

## V. ANALYSIS

**A.   The bankruptcy court concluded properly that Appellant received more than it would have in a hypothetical Chapter 7 liquidation.**

Kiddco argues that the bankruptcy court erred in granting partial summary judgment against it regarding whether the transfer was a preference under section 547(b). Appellant's Br. at 21. In particular, Kiddo contends the bankruptcy court erred in concluding that the trustee had established the fifth requirement under section 547(b) as a matter of law.

Kiddco argued before the bankruptcy court that had the challenged transfer not been made, Kiddco would nevertheless have received full payment from the surety by enforcing its bond rights. *See* Bankr. Order at 5 [DE-1.14]. That is, Kiddco's claim would have been satisfied regardless of whether the general contractor was a debtor in Chapter 7. Thus, Kiddco contended that the trustee failed to establish that Kiddco received more that it would have received in a distribution under Chapter 7.

In rejecting Kiddco's argument, the bankruptcy court found that "the debtor [Jacobsen] was insolvent and had insufficient funds to pay all creditors in chapter 7" and reasoned that the proper consideration with regard to section 547(b)(5) was "the availability of assets of the [Chapter 7] estate, not the assets of a bonding company or a third-party guarantor." Bankr. Order at 5 [DE-1.14]. A recent Fourth Circuit Court of Appeals case, *United Rentals, Inc. v. Angell*, 592 F.3d 525, 531 (4th

---

[3] To the extent Kiddco's minimal discussion of section 547(c)(6) may be construed as raising an affirmative defense under the same, *see* Appellant's Br. at 20 [DE-4], it is deemed waived as Kiddco did not plead it in its answer nor pursue it in bankruptcy court. *See Williams v. Prof'l Transp. Inc.*, 294 F.3d 607, 614 (4th Cir. 2002) ("Issues raised for the first time on appeal are generally not considered absent exceptional circumstances.").

Cir. 2010), supports the analysis of the bankruptcy court.[4] In *United Rentals, Inc.*, the Fourth Circuit explained the required inquiry under section 547(b)(5) "focuses 'not on whether a creditor may have recovered all of the monies owed by the debtor *from any source whatsoever*, but instead upon whether the creditor would have received less than a 100% payout' from the *bankruptcy estate*.'" *United Rentals, Inc.*, 592 F.3d at 531 (4th Cir. 2010) (emphasis added) (citing *Smith v. Creative-Financial Mgmt., Inc., (In re Virginia-Carolina Fin. Corp.)*, 954 F.2d 193, 199 (4th Cir. 1992)). In other words, "[t]he fact that the [d]efendant could have received full payment by asserting a claim against the payment bond does not result in a finding that section 547(b)(5) has not been satisfied." *Watts v. Pride Util. Constr., Inc.* (In re Sudco, Inc.), NO. 04-17205-WHD, 2007 Bankr. LEXIS 3730, at *9 n.2 (Bankr. D. Ga. 2007).[5]

---

[4] *United Rentals, Inc.* arose out of a bankruptcy proceeding wherein the bankruptcy court avoided transfers made by a debtor to a creditor as preferential payments pursuant to section 547(b) but held the creditor had established a new value defense under section 547(c)(1) with respect to a portion of the preferential payments. *See Angell v. Ray J. Pennington, Inc. (In re Partitions Plus of Wilmington, Inc.)*, No. 04-06776-8-JRL, 2008 Bankr. LEXIS 1994 (Bankr. E.D.N.C. Mar. 20, 2008) (judgment as to 547(b)) and *id.*, 2008 Bankr. LEXIS 1186 (Bankr. E.D.N.C. Mar. 31, 2008) (judgment as to 547(c)). The U.S. District for the Eastern District of North Carolina affirmed both bankruptcy decisions and the Fourth Circuit affirmed the judgment of the district court. *See United Rentals, Inc. v. Angell*, 7:08-cv-97-BO (E.D.N.C. Jan. 23, 2009).

[5] The bankruptcy court also compared Kiddco's argument to that considered in *Precision Walls*. In *Precision Walls*, the subcontractor argued that by accepting payment from a contractor, it gave up its inchoate right to file a statutory lien and should therefore be treated as a secured creditor. The court held that a materialman's release of inchoate lien rights in exchange for payment does not shield a transfer from a preference attack under section 547(b). *See Precision Walls*, 196 B.R. at 303. Kiddco faults the bankrupty court for its reliance on *Precision Walls*, contending the case has no applicability to the instant matter which does not involve the release of inchoate lien rights. *See* Appellant's Br. at 15. Moreover, to the extent an analysis based on inchoate liens is applicable to consideration of a materialman's acceptance of payment in lieu of filing a bond claim, Kiddco asks this court to reject the rationale of *Precision Walls* and to adopt the line of cases holding that where a materialman has a right to perfect a statutory lien, yet accepts payment in lieu thereof, the materialman possesses an inchoate lien and is thus a secured creditor for purposes of determining the avoidability of a transfer claimed to be preferential. *See id.* at 16-17 (collecting cases).

Here, the affidavit of the trustee, relied upon by the bankruptcy court, was sufficient to establish that unsecured creditors would have received less than 100% of their claims in a hypothetical Chapter 7 liquidation. Aff. of Trustee [DE-1.9 ¶ 6]; *see Levine v. Custom Carpet Shop, Inc. (In re Flooring Am., Inc.)*, 302 B.R. 394, 403 (Bankr. D. Ga. 2003) (holding that the trustee had meet his burden under § 547(b)(5) based on the trustee's affidavit and collecting cases). The undisputed facts show that Kiddco received a payment in complete satisfaction of its claim. Therefore, the transfer allowed Kiddco to receive more than it would have in a hypothetical Chapter 7 liquidation. Accordingly, the bankruptcy court properly rejected Kiddco's argument to the contrary. *See United Rentals, Inc.*, 592 F.3d at 531 (finding the bankruptcy court "properly rejected" the appellant's argument that "had the transfers not been made, [the appellant] could have received full payment from the Surety by enforcing its bond rights").

**B.    The bankruptcy court properly concluded that the transfer is not subject to an affirmative defense.**

Kiddco next argues that the bankruptcy court erred in finding that Kiddco did not establish a § 547(c)(1) "contemporaneous exchange of new value" defense under the "indirect transfer" theory. Appellant's Br. at 19. In particular, Kiddco argues that had Jacobsen not made the transfer, Kiddco nonetheless could have obtained full payment by enforcing its bond rights. *Id.* at 12. Kiddco

---

The court need not consider the applicability of the inchoate lien analysis to that of a bond claim under section 547(b)(5) as that issue is foreclosed by the Fourth Circuit's holding in *United Rentals, Inc.* The court notes, however, that the release of inchoate lien rights may establish a section 547(c)(1) new value defense under the "indirect transfer" theory, which has been held "equally applicable" in the context of the release of a subcontractor's bond claim as new value, as argued in the instant matter. *See In re J.A. Jones*, 361 B.R. 94, 103 (Bankr. W.D.N.C. 2007) (holding a release of inchoate lien rights can provide new value under the "indirect transfer" theory); *Angell v. Ray J. Pennington, Inc.* (In re Partitions Plus of Wilmington, Inc.), No. 04-06776-8-JRL, 2008 Bankr. LEXIS 1994, at *8 n.2 (Bankr. E.D.N.C. Mar. 20, 2008). The application of the "indirect transfer" theory to this case is discussed below.

maintains that had the surety paid such a claim under the bond, the surety would have received an equitable lien by subrogation against the funds owing to Jacobsen by Wake Tech arising from the project. *Id.*

According to § 547(c)(1), a trustee may not avoid a preferential transfer "to the extent that such transfer was (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange." New value includes "money or money's worth in goods, services or new credit." 11 U.S.C. § 547(a)(2). In order to establish a valid new value defense using an "indirect transfer" theory in a case involving a subcontractor, a creditor must show (1) it would have filed a timely claim against the project's payment bond and been paid in full had it not received payment from the debtor, and (2) at the time, the debtor was still owed funds on which the bonding company could have asserted a lien. *See Angell*, 2008 Bankr. LEXIS 1994, at *8, 14 (Bankr. E.D.N.C. Mar. 20, 2008).

"[P]roving that a subcontractor would have timely filed a bond claim and been paid in full by the bonding company requires a degree of speculation since a subcontractor can only hypothesize as to what actions it would have taken." *Id.* at *9. Analysis of this element proceeds under a subjective test which requires the subcontract provide "competent proof of the subcontractor's intention." *Id.* at *11. In the summary judgment context, a subcontractor must present evidence beyond its own unsupported assertion that it would have filed a bond claim. *Id.* (providing as an example that "a subcontractor could show that it filed bond claims in the only other instances in which the debtor did not tender payment to the defendant").

In considering this issue, the bankruptcy court found that "Kiddco has not shown that by

9

giving up its claim, it would have been paid in full. In fact . . . Kiddco was not paid in full by the bonding company for all of the work it performed for Jacobsen." Bankr. Order at 7 [DE-1.14]. The bankruptcy court explained that it "[would] not speculate that Kiddco would have immediately made a claim, that the bonding company would immediately pay the claim, and that the bonding company would been subrogated to sufficient assets, including past and future payments from Wake Tech, to pay Kiddco and the other subcontractors in full." *Id.* Kiddco faults the bankruptcy court for its finding that Kiddco's assumptions as too speculative and offers the following evidence in support of its defense: (1) Kiddco threatened to walk off the job and file a bond claim, *see* Aff. of Tom Kidd ¶ 5 [DE-1.8]; and (2) sufficient funds were available for the surety to pay Kiddco the transfer in full. Appellant's Br. at 14.

The court finds that the bankruptcy court determined correctly that Kiddco failed to establish its new value defense. There is no evidence that Kiddco contacted the bonding company. Moreover, Kiddco did not present any evidence of its practice of filing claims or collecting, by some method, all overdue invoices. *See Angell*, 2008 Bankr. LEXIS 1994, at * 12-13. Furthermore, Kiddco's argument that the surety would have paid a bond claim in full is undermined by the fact that Kiddco received only partial payment from the bond for two other outstanding invoices on the project. *See* Bankr. Order at 2 [DE-1.14].

## VI. CONCLUSION

The bankruptcy court's order dated March 26, 2007 is AFFIRMED.

SO ORDERED.

This the  16  day of March, 2010.

                                        James C. Fox  
                                        Senior United States District Judge